UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FAISAL CHAUDHRY,<br><br> *Plaintiff*,<br><br>v.<br><br>REZY GROUP, INC. and MICHAEL CROW,<br><br> *Defendants*. | §§§§§§§§§§§ Civil Action No. 3:25-CV-1322-X |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are three motions: Defendant Michael Crow's motion to dismiss (Doc. 6); Plaintiff Chaudhry's motion for summary judgment (Doc. 8); and Defendant Rezy Group's motion to compel arbitration. (Doc. 12). After careful consideration, and for the reasons below, the Court **DENIES** the motions.

### I. Background

This case is about one of the many contracts executed by Faisal Chaudhry, his company RCF Family LP (a non-party to this suit), and Rezy Group, and Michael Crow. Specifically, Chaudhry seeks repayment with interest on an unpaid promissory note and a guaranty. Chaudhry alleges that Rezy Group executed a promissory note for $1,000,000. And on that promissory note, Chaudhry contends that Crow executed a guaranty for 80% of the note. Additionally, Chaudhry alleges that after Rezy Group had utilized the entire loan, Chaudhry provided Crow an additional loan for $150,000.

1

Otherwise, there are three other potentially relevant contracts between Rezy Group, Inc., Crow, Chaudhry, and RCF Family LP:[1] a April 1, 2024 Common Stock Purchase Agreement, a April 10, 2024 Common Stock Purchase Agreement, and a April 18, 2024 Stockholder's Agreement for RCF Family LP.  Finally, as part of the business dealings, Chaudry became the Chief Technology Officer of Rezy Group and received 250,000 common shares.  The parties are currently in arbitration in Georgia regarding these contracts but not the promissory note and guaranty.

Chaudhry's claim against Rezy Group is failure to pay back the promissory note and his claim against Crow is a breach of guaranty for an alleged failure to pay for the indebtedness of Rezy Group.  Michael Crow, a resident of New York, moved to dismiss this case for lack of personal jurisdiction over him.  Chaudhry moved for summary judgment.  And Rezy Group moved for the Court to compel the claim against it to arbitration, joining the other disputes not before this Court.  All three motions are ripe for the Court's review.

## II.  Legal Standards

### A.  Personal Jurisdiction

"In a diversity action, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the applicable state law."[2]  In Texas, the state long-arm statute has "the same scope as the [United States] Constitution."[3]  To

---

[1] Rezy Group argues that these contracts are relevant to compel this action to arbitration with the other disputes.

[2] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (per curiam).

[3] *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

determine personal jurisdiction under the Constitution, courts look to "whether exercising jurisdiction over [a party] is consistent with the Due Process Clause of the Fourteenth Amendment."[4]

Federal due process allows the Court to exercise personal jurisdiction over a nonresident defendant when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice."[5] As to the first consideration, establishing minimum contacts requires demonstrating contacts sufficient to assert either general or specific personal jurisdiction.[6]

"When, as here, the [Court] conduct[s] no evidentiary hearing, the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction."[7] The Court "must accept as true that party's uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation."[8]

While "the paradigm forum for the exercise of general jurisdiction is the individual's domicile,"[9] general personal jurisdiction "will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the

---

[4] *Id.*

[5] *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (cleaned up).

[6] *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

[7] *Alpine View*, 205 F.3d at 215.

[8] *Id.*

[9] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up).

cause of action, if the defendant's contacts with the forum state are both continuous and systematic."[10] Specific personal jurisdiction exists when the causes of action "arise out of or relate to the defendant's contacts with the forum."[11]

### B. Summary Judgment

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[13] Courts "resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[14]

### C. Compel Arbitration

The Federal Arbitration Act requires district courts to compel arbitration if there is a valid arbitration agreement encompassing the issues in dispute.[15] In determining whether the parties agreed to arbitrate the dispute, a court must consider: (1) whether there is a valid agreement to arbitrate between the parties, and

---

[10] *Wilson*, 20 F.3d at 647 (cleaned up).

[11] *Bauman*, 571 U.S. at 127 (cleaned up).

[12] Fed. R. Civ. P. 56(a).

[13] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[14] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (cleaned up).

[15] 9 U.S.C. § 3.

4

(2) whether the dispute in question falls within the scope of that arbitration agreement.[16] The validity of the arbitration agreement is determined by traditional state contract principles.[17]

### III. Analysis

Each party in this action filed a motion. Crow filed a motion to dismiss asserting that the Court does not have personal jurisdiction. Rezy Group filed a motion to compel arbitration.[18] And Chaudhry filed motion for summary judgment. The Court addresses the three Motions each in turn.

### A. Personal Jurisdiction

Taking all of Chaudhry's uncontroverted allegations as true and resolving all conflicts between Chaudhry's affidavit and Crow's affidavits in favor of Chaudhry's version of the facts, Crow has sufficient contacts with Texas to justify exercising jurisdiction over him in this case.

As to general personal jurisdiction, Crow lives in New York and runs a business in Georgia. Chaudhry does not dispute these facts: His complaint states that "Crow is an individual who . . . resides in New York," and "can be served at his principal place of business . . . [in] Georgia."[19] Chaudhry does not argue that Crow is subject to the Court's general jurisdiction, but instead argues that Crow has sufficient

---

[16] *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).

[17] *Id.*

[18] Crow did not join the motion to compel arbitration because he asserts the Court does not have jurisdiction over him.

[19] Doc. 1-3 at 4.

contacts with Texas, as it related to this dispute, to exercise specific personal jurisdiction.

Specific personal jurisdiction exists when the causes of action "arise out of or relate to the defendant's contacts with the forum."[20] The Fifth Circuit has offered guidelines for determining whether a breach-of-contract claim gives rise to specific personal jurisdiction, noting that "only those acts which relate to the formation of the contract and the subsequent breach are relevant, including prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."[21] Relevant factors include "the location of the communications;" "the place of performance;" "the amount of control over performance in the forum state; and" "whether the defendant contracted with the plaintiff because of the plaintiff's location within the forum state."[22] Ultimately, the analysis turns on whether the "contract [] had a *substantial* connection with" the forum state.[23]

Here, the contracts in question are the guaranty agreement and demand note for a $150,000 loan that did not specify a time for repayment. Crow signed and negotiated the guaranty agreement in Georgia or New York and Chaudhry signed and negotiated the agreement in Texas. The loan contemplated advances, or draws, to be made following receipt of a request to Chaudhry in Dallas, Texas and the loan

---

[20] *Bauman*, 571 U.S. at 127 (cleaned up).

[21] *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 500 (5th Cir. 2022).

[22] *Ecigrusa LLC v. Silver State Trading LLC*, 2022 WL 1321573, at *4 (N.D. Tex. May 3, 2022) (Boyle, J.).

[23] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (cleaned up).

funds came from Texas. And repayment was to be made to Faisal Chaudhry in Texas. Further, the promissory note contains a choice-of-law clause that indicates Texas law will apply. Finally, the guaranty was part of ongoing business dealings between Chaudhry and Crow, thus "a long-term relationship with . . . continuing obligations and wide-reaching contacts" that the Supreme Court and the Fifth Circuit have found substantial enough to establish personal jurisdiction via contract.[24]

The Court acknowledges that this is a close call because the "exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law."[25] But the contracts are about loan payments, which were to be paid from and repaid to a Texas bank. Thus, at this stage, Chaudhry has carried his burden of presenting sufficient facts to make out a prima facie case supporting jurisdiction.[26] Therefore the Court concludes that the contract had a substantial connection with Texas. Accordingly, the Court **DENIES** Crow's Motion to dismiss and exercises jurisdiction over Crow.

### B. Summary Judgment

Next, Chaudhry moved for summary judgment. The Court **DENIES** the motion for summary judgment because there are material facts in dispute. To prevail on a suit for a promissory note, Chaudhry must prove: (1) the note in question;

---

[24] *Stuart v. Spademan*, 772 F.2d 1185, 1194 (5th Cir. 1985); *see also Burger King*, 471 U.S. at 475–76.

[25] *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007).

[26] *Alpine View*, 205 F.3d at 215.

(2) Rezy Group signed the note; (3) Chaudhry is the owner or holder of the note; and (4) a certain balance is due on the note.[27]

Rezy Group and Crow argue the second element, whether Rezy Group signed the note, is in dispute from the "plain language of the Promissory Note."[28] The Court agrees. The plain language of the note is unclear about whether Michael Crow's signature was on behalf of the Rezy Group or in some other capacity. And it is well established that a district court "may not grant summary judgment when a contract is ambiguous and the parties' intent presents a genuine [dispute] of material fact."[29]

Chaudry argues that Rezy Group cannot argue that there is a material factual dispute about whether Rezy Group signed the note because of its declarations supporting other motions in this case. But the Court disagrees, because at summary judgment the Court must "resolve factual controversies in favor of the nonmoving party."[30] And the facial ambiguity in the contracts should be resolved in favor of Rezy Group, instead of in favor of Chaudry. Given the facial ambiguity of the agreement, a reasonable jury could rule in favor of Rezy Group.

Additionally, Rezy Group has yet to assert counterclaims in this action lest it forfeit its purported right to proceed in arbitration.[31] In this circuit, the right to compel arbitration can be waived if a party "substantially invokes the judicial

---

[27] *Williams v. Bell*, 402 S.W.3d 28, 35 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

[28] Doc. 18 at 6.

[29] *S. Nat. Gas Co. v. Pursue Energy*, 781 F.2d 1079, 1081 (5th Cir. 1986).

[30] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (cleaned up).

[31] The Court does not reach the question of whether this dispute, in part or in full, belongs in arbitration. The Court will resolve that question should there be a subsequent motion.

process."[32] Thus, Rezy Group's delay in asserting counter claims is understandable because it would first prefer to proceed to arbitration and only if the case does not belong in arbitration would it like to assert counterclaims. Therefore, the Court concludes that for this reason too, the Court cannot grant summary judgment.[33] Accordingly, summary judgment is inappropriate, and the Court **DENIES** motion.

### C. Compel Arbitration

Finally, Rezy Group filed a motion to compel arbitration, to which Crow did not join because he argued the Court lacked personal jurisdiction over him. Having resolved Crow's motion, the Court **DENIES WITHOUT PREJUDICE** the motion to compel arbitration. Defendants, together should they so request, may file a subsequent motion no later than 14 days from this order now that the Court is certain of its jurisdiction over Crow. Otherwise, the Court will consider Rezy Group's renewed motion alone, with the benefit of clarity as to which defendants and claims the defendants seek to be sent to arbitration.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** the motions.

**IT IS SO ORDERED** this 29th day of October, 2025.

_[signature]_

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[32] *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 342 (5th Cir. 2004) (cleaned up).

[33] Should Rezy Group seek to file counterclaims, it shall file a motion for leave no later than 21 days from the date of this order.