UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FAISAL CHAUDHRY,<br><br>    *Plaintiff*,<br><br>v.<br><br>REZY GROUP, INC. and MICHAEL CROW,<br><br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. 3:25-CV-1322-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants Rezy Group and Michael Crow's motion to compel arbitration (Doc. 24). Having carefully considered the motion, Plaintiff Faisal Chaudhry's response, Defendants' reply, and applicable case law, the Court **GRANTS** the motion.

**I. Background**

This case is about one of the many contracts executed by Faisal Chaudhry, his company RCF Family LP (a non-party to this suit), and Rezy Group, and Michael Crow (collectively "Defendants"). Specifically, Chaudhry seeks repayment with interest on an unpaid promissory note and a guaranty. Chaudhry alleges that Rezy Group executed a promissory note for $1,000,000. And on that promissory note, Chaudhry contends that Crow executed a guaranty for 80% of the note. Additionally, Chaudhry alleges that after Rezy Group had utilized the entire loan, Chaudhry provided Crow an additional loan for $150,000.

1

Otherwise, there are three other potentially relevant contracts between Rezy Group, Inc., Crow, Chaudhry, and RCF Family LP:[1] the April 1, 2024 Common Stock Purchase Agreement, the April 10, 2024 Common Stock Purchase Agreement ("April 10th Agreement"), and the April 18, 2024 Stockholder's Agreement for RCF Family LP.  Finally, as part of the business dealings, Chaudhry became the Chief Technology Officer of Rezy Group and received 250,000 common shares.  The parties are currently in arbitration in Georgia regarding these contracts but not the promissory note and guaranty.

Chaudhry's claim against Rezy Group is failure to pay back the promissory note and his claim against Crow is a breach of guaranty for an alleged failure to pay for the indebtedness of Rezy Group.  The Court previously denied Michael Crow's motion to dismiss this case, deeming the Court to have personal jurisdiction over him.  The Court denied Chaudhry's motion for summary judgment because there are material facts in dispute.  Defendants have now jointly moved for the Court to compel the claims against them to arbitration, joining the other disputes not before this Court.

## II.  Legal Standard

The Federal Arbitration Act requires district courts to compel arbitration if there is a valid arbitration agreement encompassing the issues in dispute.[2]  In determining whether the parties agreed to arbitrate the dispute, a court must

---

[1] Defendants argue that these contracts are relevant to compel this action to arbitration with the other disputes.

[2] 9 U.S.C. § 3.

2

consider: (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute in question falls within the scope of that arbitration agreement.[3] The validity of the arbitration agreement is determined by traditional state contract principles.[4]

### III. Analysis

Following the Court's determination of personal jurisdiction over Crow, Defendants jointly filed this motion to compel arbitration. Defendants assert that (1) a valid arbitration agreement exists, (2) all parties to this lawsuit are bound by the arbitration provision in the April 10th Agreement, and (3) the promissory note and the claims arising from it relate to the April 10th Agreement.

Chaudhry disagrees, contending that the arbitration provision is unenforceable. For the reasons explained below, the Court concludes that Chaudhry's assertions lack merit and directs the claims in this action to arbitration.

**A. There is a valid agreement to arbitrate between the parties.**

The parties agree that the central documents underlying the relationship between the parties include arbitration clauses. The April 10th agreement includes the following arbitration provision:

> 4.2 <u>Arbitration</u>. Any controversy between the parties arising out or relating to this Agreement shall be settled in arbitration in Atlanta, State of Georgia, in accordance with the rules of The American Arbitration Association, and judgment entered upon the award rendered may be enforced by appropriate judicial action.

---

[3] *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).

[4] *Id.*

3

On March 26, 2025, Rezy initiated arbitration in Atlanta against RCF Family LP and Faisal Chaudhry for disputes arising out of their contractual agreements. Notably, Defendants have brought claims in arbitration to determine the validity and enforceability of the promissory note. But at issue here is whether Chaudhry's claims in this action are within the scope of the arbitration agreement.

**B. Chaudhry's claims are within the scope of the arbitration agreement.**

Chaudhry contends that (1) the claims are not covered by the arbitration provision and (2) the provision does not list himself or Crow as signatories in their individual capacities. For the reasons explained below, the Court concludes that all Chaudhry's claims fall within the scope of the April 10th Agreement's arbitration provision.

In determining whether the claims at issue are within the scope of the arbitration provision, the Court must "examine the scope of the parties' agreement, as reflected in the arbitration clause."[5] Here, the contract states that "*any controversy* between the parties *arising out* or *relating to this Agreement* shall be settled by arbitration[.]"[6] This "relating to" language indicates a broadly construed arbitration clause.[7] "Due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration."[8]

---

[5] *Paper, Allied-Indus. Chem. & Energy Workers Int'l Union, Loc. 4-12 v. Exxon Mobil Corp.*, 657 F.3d 272, 275 (5th Cir. 2011).

[6] Doc. 25 at 30.

[7] *Emily's Place, Inc. v. Regions Bank*, 764 F. Supp. 3d 485, 492 (N.D. Tex. 2025).

[8] *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Standford Junior Univ.*, 489 U.S. 468, 476 (1989).

4

Section 1.2 of the April 10th Agreement directly addresses the promissory note central to Chaudhry's claims. The promissory note was fully executed on May 1, 2024, after the April 10th Agreement was executed. Chaudhry's claims regarding the promissory note and subsequent loan arise out of and relate to the April 10th Agreement. Thus, the Court is "obliged to enforce the parties' agreement according to its terms" and finds that Chaudhry's claims are all within the scope of the arbitration provision, the merits of which are for the arbitrator—not the Court—to decide.[9]

Defendants argue that even if Chaudhry did not sign the April 10th Agreement in his individual capacity, he is subject to the arbitration provision because the promissory note is incorporated into the April 10th Agreement by reference, and he received direct benefits from the April 10th Agreement. Chaudhry acknowledges that the promissory note is referenced in the April 10th Agreement but contends the promissory note is not incorporated in the April 10th agreement and is expressly governed by the terms of the promissory note itself. The Court agrees with Defendants that the claims arise out of the April 10th Agreement.

Chaudhry is correct that he and Crow did not sign the April 10th Agreement in individual capacities. But where an "action is intertwined with, and dependent upon, that contract, its arbitration agreement should be given effect."[10] In these instances, the Fifth Circuit applies "direct benefits estoppel to bind a non-signatory

---

[9] *Exxon Mobil Corp.*, 657 F.3d at 276 (cleaned up); *see also Papalote Creek II, L.L.C. v. Lower Colorado River Auth.*, 918 F.3d 450, 455 (5th Cir. 2019).

[10] *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 525 (5th Cir. 2000).

5

to an arbitration agreement when the non-signatory exploits the contract containing the arbitration clause and obtains a direct benefit from that contract."[11]  Therefore, Chaudhry cannot avoid arbitration by invoking non-signatory status for himself or Crow.[12]

Moreover, Chaudhry received direct benefits from the April 10th Agreement. Section 1.2 of the April 10th Agreement expressly contemplates the promissory note and resulting loan and identifies Chaudhry, in his individual capacity, as the lender to whom repayment is directly owed.[13]  Chaudhry's right to receive 5.81 percent interest per annum on all monies Rezy borrowed under the promissory note arises from the April 10th Agreement.  Additionally, the promissory note is the consideration for the purchase of 100,000 shares of common stock under the April 10th Agreement, which were issued to RCF Family LP as part of the same integrated transaction negotiated by Chaudhry.  Because Chaudhry's claims depend on and seek to enforce the benefits that flow directly from the April 10th Agreement, Chaudhry is estopped from preventing the enforcement of its provisions, which include the applicable arbitration provision.

---

[11] *Noble Drilling Servs. Inv. v. Certex USA, Inc.*, 620 F.3d 469, 473 (5th Cir. 2010).

[12] *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 193–94 (Tex. 2007).

[13] Doc. 25 at 29.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to compel arbitration.

**IT IS SO ORDERED** this 29th day of January, 2026.

_[signature]_
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE